IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

LAVERN ROSS                                                                                              PLAINTIFF

v.                                         No. 2:07CV00116 JLH

ADVANCE AMERICA CASH ADVANCE
CENTERS, INC. d/b/a ADVANCE AMERICA;
ADVANCE AMERICA CASH ADVANCE
CENTERS OF ARKANSAS, INC. d/b/a ADVANCE
AMERICA d/b/a ADVANCE AMERICA CASH
ADVANCE CENTERS; and ADVANCE AMERICA
SERVICING OF ARKANSAS, INC.                                                              DEFENDANTS

**OPINION AND ORDER**

Lavern Ross brought this action alleging that Advance America discharged her in violation of various state and federal civil rights acts. The Court entered summary judgment in favor of Advance America. Advance America has now filed a bill of costs seeking to recover $1,444.50 for transcripts of depositions.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs should be allowed to the prevailing party unless the Court provides otherwise. This provision creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Id*. A district court has discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989).

The evidence established that Ross has modest means. On August 5, 2008, she was deposed and testified that she had been unable to find employment after being discharged by Advance America on February 28, 2006. At the time of her deposition, she was keeping foster children in her home and receiving $1,600 per month for doing so. Her husband was unemployed and receiving

disability benefits.  The costs that Advance America seeks to recover would amount to one month of Ross's income in keeping foster children.  Requiring Ross to pay that amount would create a substantial financial hardship for her and those who depend on her for food and shelter.  On the other hand, Advance America is a group of companies with substantial resources.  "[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles[.]"  *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971).  *See also Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002) ("It is well established in Title VII cases particularly . . . that the court may consider the limited resources of a plaintiff in determining whether to award costs.").

In light of Ross's limited financial means, and the disparity between her means and those of Advance America, the Court will exercise its discretion not to award costs.

IT IS SO ORDERED this 7th day of May, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE